IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00098-MR-WCM

| | | |
|---|---|---|
| TED JACKSON OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| FDA OFFICE OF GENERIC DRUGS, HOWARD CHAZIN, DEBRA M. CATTERSON, and NORMAN SHARPLESS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Response to the Court's Show Cause Order [Doc. 4].

On August 11, 2020, the Court entered an Order directing the *pro se* Plaintiff to show good cause for failure to effect service on the Defendants FDA Office of Generic Drugs, Howard Chazin, Debra M. Catterson, and Norman Sharpless in this matter. [Doc. 3]. The Plaintiff was specifically warned that "[f]ailure of the Plaintiff to respond in writing within fourteen (14) days shall result in a dismissal without prejudice of this action without further order of the Court." [Id. at 2].

On August 17, 2020, the Plaintiff submitted a letter to the Clerk of Court stating only, "I sent a copy of the filed document[1] as instructed. I only received one of the four cards back." [Doc. 4 at 1]. Attached to his letter is a certified mail receipt indicating that a person named "Bots" accepted delivery of a mailing on behalf of Defendant Sharpless on June 18, 2020. [Id. at 2]. The Plaintiff also included copies of certified mail receipts for the three other Defendants but no returns to indicate that these mailings were actually received. [Id. at 3].

As the Court noted in its previous Order, Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the Plaintiff has failed to demonstrate that he has properly served the Defendants, and he has failed to show good cause for his failure to do

---

[1] The Plaintiff does not identify "the filed document," and thus is not clear what it was that he attempted to mail to each of the Defendants.

so.  Keeping in mind that the Plaintiff is a *pro se* litigant, the Court will allow him an additional sixty (60) days to effect service.  The Plaintiff will be required to submit proof of service by affidavit in accordance with Rule 4(l)(1) of the Federal Rules of Civil Procedure.  Additionally, the Court directs the Plaintiff's attention to Rule 4(i), which sets forth the requirements for service of process on United States agencies, officers, and employees.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have sixty (60) days from the entry of this Order within which to effect service upon the Defendants.  Failure to submit proper proof of service of the Defendants within sixty (60) days may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Signed: August 26, 2020

Martin Reidinger
Chief United States District Judge

3

Case 1:20-cv-00098-MR-WCM   Document 5   Filed 08/27/20   Page 3 of 3