THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00098-MR

| | |
|---|---|
| TED JACKSON OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| FDA OFFICE OF GENERIC DRUGS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's letter, which the Court construes as a Motion to File an *Ex Parte* Surreply. [Doc. 18].

The Plaintiff seeks leave to file a surreply *ex parte* in opposition to the Defendants' Motion to Dismiss. [Doc. 18]. Nothing in the Court's standard Pretrial Order and Case Management Plan authorizes the filing of a surreply brief. Further, surreplies are not allowed by the Local Civil Rules. See Miller v. Ingles, No. 1:09cv200, 2009 WL 4325218, at *16 (W.D.N.C. Nov. 24, 2009) (Howell, M.J.); see also LCvR 7.1(E) (discussing time frames for filing responses and replies with no reference to surreplies). Thus, the Plaintiff may file a surreply brief only with leave of Court. See Miller, 2009 WL

4325218, at *16.  "Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply." DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010).

The Court does not find that fairness so dictates here.  The Plaintiff argues that a surreply is warranted because he has not had "an opportunity to present [his] case."  [Doc. 18 at 1].  However, the purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the allegations of the Complaint, not to afford the parties the opportunity to prove the merits of their claims.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (noting that Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses"). Here, the Plaintiff does not identify any new arguments asserted in the Defendants' reply brief that he has not yet had an opportunity to address.  Moreover, the Defendants' motion has been exhaustively briefed, and the Court is more than capable of discerning the positions of the parties from the briefs that have already been filed.  For all these reasons, the Plaintiff's request to file a surreply brief is denied.[1]

---

[1] The Court further notes that the Plaintiff's request to file any further briefing *ex parte* is wholly improper.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's letter, which the Court construes as a Motion to File an *Ex Parte* Surreply [Doc. 18], is **DENIED**.

Signed: March 29, 2021

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge